IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| HAWKEYE GOLD, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CHINA NATIONAL MATERIALS INDUSTRY IMPORT AND EXPORT CORPORATION d/b/a SINOMA <br><br> Defendant. | Case No.: 4:16-CV-00355 <br><br><br> **DEFENDANT'S SUR-SUR-REPLY IN SUPPORT OF DEFENDANT'S MOTION TO SET ASIDE DEFAULT** |

Defendant China National Materials Industry Import and Export Corporation d/b/a Sinoma ("Sinoma") offers the following arguments in response to Plaintiff's Sur-Reply. Because Plaintiff has failed to properly serve Sinoma, the entry of default should be aside, and Plaintiff should be ordered to serve Sinoma according to the rules under the Foreign Sovereign Immunities Act ("FSIA").

### A. "ACTUAL NOTICE" IS NOT A SUBSTITUTE FOR SERVICE OF PROCESS.

It is a fundamental rule that proper service is required to obtain personal jurisdiction over a defendant. It is also universally established in both the state of Iowa and the federal courts that defendant's actual notice of a lawsuit is not a substitute for service of process. *Henry v. Shober*, 566 N.W. 2d 190, 191-192 (Iowa 1997).

Federal courts have consistently held that a defendant's actual notice does not excuse a plaintiff from compliance with the rules on service of process. For example, in *Mid-Continent Wood Products, Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991), the court provided the following reasoning:

> [The] liberal construction rule "cannot be utilized as a substitute for the plain legal requirement as to the manner in which service may be had"... Precisely because of the court's need to get jurisdiction over the person of

1



the defendant, actual notice alone is insufficient to give the court the jurisdiction necessary to allow it to enter a judgment against a defendant … Therefore, [the defendant's] knowledge of the pendency of this lawsuit cannot cure the deficiencies in service upon [the defendant]. (citations omitted)

Other federal courts have agreed as well. In *Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.*, 953 F.2d 21, 24 (1st Cir. 1991), the court opined that "[T]he federal courts have made it abundantly clear that actual notice itself, without more, is insufficient to satisfy the requirements of Fed. R. Civ. P. 4(d)(1)." In *Friedman v. Estate of Presser*, 929 F.2d 1151, 1155 (6th Cir. 1991), the court reviewed a series of federal cases and summarized that "[F]or the great majority of courts, however, actual knowledge of the lawsuit does not substitute for proper service of process under Rule 4(c)(2)(C)(ii)." In *Way v. Mueller Brass Company*, 840 F.2d 303, 306 (5th Cir. 1988), the court similarly ruled that a defendant's actual knowledge of the litigation is insufficient to satisfy the rules on service of process.

Defendant in this case received actual notice and appeared in this case only because and ***after*** a default based on defective service was entered. If Plaintiff's logic is adopted, then every plaintiff in all cases can just rely on defective service and obtain default judgments. Because the service is defective and inadequate, most defendants never have a chance to appear before the default is entered. Then we have two likely scenarios:

- Some defendants may never find out that a default has been entered against them because of the defective service. They may find out about the default judgments years later, but it will be very difficult for them to set aside the default due to the long lapse of time. Serious injustice will be done because the defendants are never properly served and never have a chance to defend.

- Some defendants receive actual notice *__after__* the default has been entered. These defendants will be penalized if they appear and try to set aside the default – because, according to plaintiff's argument, plaintiff is then no longer required to actually serve the defendant. Such a result would allow and encourage plaintiffs to bypass the rules on service of process.

In *Grzeskowiak v. Dakota Bridge Builders*, 241 F.Supp.2d 1062, 1064 (D.N.D. 2003), the court rejected an argument similar to the Plaintiff's, as follows:

> "Although the certified mail 'green cards' may indicate actual notice of this lawsuit, actual notice does not dispense with the requirements for proper service of process.... If actual notice could substitute for proper service of process, it would be nonsensical for the Federal Rules of Civil Procedure to provide for a motion to dismiss based on insufficiency of service of process, Fed. R. Civ. P. 12(b)(5), because no such motion could be filed without actual notice of the lawsuit. Thus, actual notice of this lawsuit by defendants does not substitute for adequate service of process, and the grounds for dismissal pursuant to Fed. R. Civ. P. 12(b)(5) are present here."

Accordingly, if Plaintiff's logic is adopted, it would essentially render the rules on service of process a nullity. Plaintiff's unsupported assertion of "extreme prejudice" is a distraction. Service of process is not a technicality or a manner of equitable balancing – it is a mandatory jurisdictional requirement. This requirement is particularly sensitive when dealing with a foreign entity.

### B. PLAINTIFF HAS NOT COMPLIED WITH THE REQUIREMENTS FOR SERVICE OF PROCESS UNDER THE FSIA

1. *Plaintiff has not provided any evidence to show that Non-Metals was Sinoma's managing or general agent, or an agent authorized by appointment or by law to receive service in the U.S.*

This lawsuit's subject matter jurisdiction is governed by the Foreign Sovereign Immunities Act ("FSIA"). Plaintiff is arguing that the service in this case is valid according to 28 U.S.C. § 1608(b), which provides that service of process under the FSIA can be made by

"delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process in the United States; or in accordance with an applicable international convention on service of judicial documents".

In this case, the only service was made upon David Dai, who was allegedly a registered agent of an Arizona company, Non-Metals, Inc. For the sake of argument and assuming that Non-Metals was an agent of Defendant Sinoma, Plaintiff falls short of complying with 28 U.S.C. § 1608(b) of the FSIA.

First, Non-Metals was clearly not an "officer" of Sinoma.

Second, Non-Metals was neither a "managing or general agent" of Sinoma. Plaintiff has so far offered *zero* evidence to show that Non-Metals ever possessed sufficient authority and power to act as Sinoma's managing or general agent. If anything, the evidence provided by Plaintiff points to the opposite. In the business transactions at issue, Non-Metals was completely bypassed by Sinoma and had no chance to exercise any judgment or power. Thus Non-Metals lacked sufficient rank and character to act as a general or managing agent for its alleged principal, Sinoma. Docket 14, p. 5-7.

Third, Non-Metals was not an "agent authorized by appointment or by law to receive service of process in the United States." Again, Plaintiff has provided no evidence to show that Non-Metals was authorized by appointment or by law to receive service of process on behalf of Sinoma.

Finally, Plaintiff may properly serve Sinoma "in accordance with an applicable international convention on service of judicial documents." The record is void of any evidence showing that Plaintiff attempted such service.

Nevertheless, Plaintiff is arguing that "Sinoma and Non-Metals acted together." Docket 19, p. 2, fn 2. Such an allegation falls far short of the statutory requirement of 28 U.S.C. § 1608(b). The fact that two companies collaborated on some business transactions does not make one company a proper agent to receive service of process for the other under the FSIA. Accordingly, Plaintiff has failed to carry its burden to prove that the service on Non-Metals constitutes valid service on its alleged principal, Sinoma.

2. *Plaintiff has provided no evidence to prove "substantial compliance" under 28 U.S.C. §1608(b).*

Plaintiff's final attempt is so-called "substantial compliance," citing a case from the District of Columbia, *Agudas Chasidei Chabad of U.S. v. Russian Federation*, 798 F. Supp. 2d., 260 (D.D.C. 2011). Docket 19, p. 3.

In the *Russian Federation* case that was also brought under the FSIA, the plaintiff sued the Russian government and several of its agencies. The plaintiff actually carried out at least two methods of service according the 28 U.S.C. § 1608(b) of the FSIA:

(a) The plaintiff first sent by FedEx copies in both English and Russian to the address and contact for each defendant that was provided by defendants' former counsel. Two months later, the Court received a letter from the U.S. Department of State indicating that the Russian Ministry of Foreign Affairs had returned these documents to the American Embassy in Moscow.

(b) The plaintiff had also sent copies and translations of these papers to the State Department for service through diplomatic channels. Not long thereafter, the court received another letter indicating that service of these documents had been completed through diplomatic channels in late 2010. *Russian Federation*, at 264-265.

5

It is clear that the *Russian Federation* court allowed substantial compliance of the service of process rules only because the plaintiff had tried two different methods that are allowed under the FSIA, and one of the methods – the service through the State Department – actually worked.

In the present case, Plaintiff has not attempted service at all under 28 U.S.C. §1608(b) of the FSIA. The alleged service on Non-Metals does not fall within the scope of 28 U.S.C. § 1608(b). Because Plaintiff has not even tried to serve in accordance with the FSIA, Plaintiff cannot claim that it has "substantially complied."

Plaintiff also contends summarily that serving Sinoma in China is a "practical impossibility." Docket 19, p. 3. Again, the argument is thin. When a party chooses to sue, it has volunteered to carry the burden of serving the defendant. In this case, Sinoma's whereabouts are easy to ascertain because it is a major state-owned corporation in China, and the rules on service of process are unequivocally clear according to the FSIA. The "prejudice" complained of is simply the burden of complying with the FSIA, which Plaintiff should have done in the first place. If service is truly a "practical impossibility" under the FSIA, Plaintiff should seek help from the Congress to change the law or ask the U.S. government to engage in diplomatic talk with foreign governments. It should not seek relief from this Court which has no power to excuse Plaintiff from the service requirement under the FSIA.

For the above-stated reasons, the defects in the service of process are fatal. The entry of default should be set aside, and Plaintiff should be ordered to serve Defendant Sinoma according to the rules of the FSIA.

GISLASON & HUNTER LLP

By _____
David W. Nelmark

317 6th Ave. Ste. 1400
Des Moines, IA 50309
Telephone: (515) 244-6199
Facsimile: (515) 244-6493
Email: dnelmark@gislason.com

ATTORNEYS FOR DEFENDANT
CHINA NATIONAL MATERIALS INDUSTRY
IMPORT AND EXPORT CORPORATION d/b/a
SINOMA

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon the parties to this action by serving a copy upon each party listed below on March 20, 2017, by

■ Electronic Filing System ☐ Other _____

Victoria H. Buter
Bartholomew L. McLeay
Dwyer Arce
Kutak Rock LLP
The Omaha Building
1650 Farnam St.
Omaha, NE 68102-2186
Tel: (402) 346-6000
Fax: (402) 346-1148
bart.mcleay@kutakrock.com
vicki.buter@kutakrock.com
dwyer.arce@kutakrock.com

*Attorney for Plaintiffs*

Signature: _____

2148373.1